UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMAH T. ABUKHODEIR, SUMMER T. ABUKHODEIR

CASE NO.: 8:21-cv-563-WFJ-JSS

Plaintiffs,

v.

AMERIHOME MORTGAGE CO, LLC;
EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,

Defendants.

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

### INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. **SAMAH T. ABUKHODEIR ("Samah") AND SUMMER T. ABUKHODEIR** ("Summer") (collectively "Plaintiffs"), by Plaintiffs' attorneys, bring this action to challenge the actions of Defendants **AMERIHOME MORTGAGE CO, LLC** ("Amerihome"); **EQUIFAX INFORMATION SERVICES, LLC** ("Equifax"); **EXPERIAN INFORMATION SOLUTIONS, INC.** ("Experian"); and, **TRANS UNION LLC** ("Trans Union") with regard to inaccurate credit reporting by the respective defendants.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiffs, or to a Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Florida.

6. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; and, 15 U.S.C. § 1681p.

9. This action arises out of Defendants' respective violations of Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq. ("FCRA").

10. Because Defendants conduct business within the State of Florida, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Summer resides in the County Hillsborough, State of Florida which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

12. Summer is a natural person who resides in the County of Hillsborough, State of Florida.

13. Samah is a natural person who resides in the County of Miami-Dade, State of Florida.

14. In addition, Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

15. Defendants are companies operating within the State of Florida.

16. Amerihome Mortgage CO, LLC is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiffs are individuals residing within the State of Florida.

19. Plaintiffs obtained a mortgage with Amerihome in 2018.

20. This resulted in a regular monthly payment of approximately $616.

21. Immediately thereafter, Plaintiffs set up autopay with Amerihome since its inception.

22. Plaintiffs received confirmation of their enrollment in Amerihome's autopayment program and successfully made such payments each month for a number of years.

23. Unbeknownst to Plaintiffs, Amerihome eventually cancelled Plaintiffs' autopayment enrollment.

24. On or about June 12, 2020, Plaintiffs received a notification from the credit reporting agencies that Plaintiffs' credit scores significantly decreased due to outstanding obligations on their mortgage.

25. Plaintiffs were shocked to receive these notifications given Plaintiffs' enrollment in Amerihome's autopayment system.

26. Plaintiffs then called Amerihome where Amerihome informed Plaintiffs for the first time that automatic payment did not process for some unknown reason.

27. During the course of this conversation in June 2020, Amerihome informed Plaintiffs that Amerihome would delete all late fees and assist Plaintiffs in resolving the issue.

28. Plaintiffs subsequently learned, however, that Amerihome was continuing to report the misleading delinquencies to Plaintiffs' credit reports.

29. Plaintiffs immediately submitted written disputes dated June 18, 2020 to Amerihome and the credit bureaus upon learning of this inaccurate credit reporting.

30. Each of these disputes explicitly explained Plaintiffs' position that Amerihome improperly failed to process the automatic mortgage payments and that late payments should not have been reported to Plaintiffs' personal credit reports as a result.

31. Plaintiffs' disputes also included substantiating documentation further establishing the misleading nature of Amerihome's credit reporting.

32. At all times relevant, Amerihome was fully authorized to deduct the requirement monthly payment from Plaintiffs' banks.

33. At all times relevant, Plaintiffs maintained sufficient funds to satisfy Plaintiffs' monthly obligation owed to Amerihome.

34. But for Amerihome's unilateral omission to deduct the required monthly payment from Plaintiffs' bank account, Plaintiffs would have satisfied their obligation.

35. Plaintiffs contend that reporting the derogatory payment history caused by Amerihome is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.

36. In fact, Plaintiffs did experience adverse actions by users of credit, including JPMorgan Chase Bank, as a result Amerihome's derogatory credit reporting.

37. Upon information and belief, the Credit Bureaus timely notified Amerihome of Plaintiffs disputes.

38. Amerihome was required to conduct a reasonable reinvestigation into this specific account on Plaintiffs' consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

39. Plaintiffs received notification from the Credit Bureaus that the Credit Bureaus received notice of Plaintiffs' disputes pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

40. Despite receipt of this information, Amerihome and the credit bureaus continued the inaccurate credit reporting.

41. To date, said inaccurate credit reporting remains on Plaintiffs' credit report.

42. Amerihome provides inaccurate credit information regarding Plaintiffs to the Credit Bureaus every thirty days.

43. The Credit Bureaus did not provide notice to Plaintiffs that Plaintiffs' dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

44. Defendants' respective investigations were unreasonable.

45. More specifically, Defendants should have discovered from Amerihome's own records, including Plaintiffs' formal dispute, that the information they were reporting was inaccurate and materially misleading.

46. A simple review of the dispute submitted by Plaintiffs would have established that Amerihome was at fault for not properly drawing on Plaintiffs' account even after providing an email confirming the automatic withdrawal.

47. Accordingly, Amerihome failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

48. Amerihome failed to review all relevant information provided by Plaintiffs in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

49. Due to Amerihome's failure to reasonably investigate, Amerihome further failed to correct and update Plaintiffs' information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

50. By inaccurately reporting account information after notice and confirmation of its errors, Amerihome failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

51. The Credit Bureaus also failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i for the same reasons.

52. The Credit Bureaus simply deferred to the furnishers conclusions without taking into account Plaintiffs' explicit disputes.

53. Plaintiffs' continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiffs' dispute with the Credit Bureaus were fruitless.

54. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiffs' credit report in light of Defendants' knowledge of the actual error was willful.

55. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiffs' credit report in light of Defendants' knowledge of the actual error was reckless.

56. Defendants' failure to correct the previously disclosed inaccuracies on Plaintiffs' credit reports was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information.

57. Accordingly, Defendants willfully and negligently failed to comply with Defendants' duties to reasonably investigate Plaintiffs' dispute.

58. Despite these disputes, Amerihome continue to misrepresent that Plaintiffs was at fault for late payments and derogatory remarks as a result.

59. Defendants' inaccurate and negative reporting damaged Plaintiffs' creditworthiness.

60. Subsequently, Plaintiffs attempted to obtain goods and/or services only available to consumers with satisfactory credit reports.

61. One such issue is related to JPMorgan Chase Bank N.A's denial to Plaintiffs' credit line increase with them.

62. This denial occurred as a result of JPMorgan Chase Bank N.A's review of Plaintiffs' personal credit report.

63. Said tradeline has affected Plaintiffs negatively due to the derogatory remarks improperly furnished by Amerihome and has negatively impacted Plaintiffs' credit worthiness resulting in Plaintiffs' lower credit score.

64. In addition, Samah was forced to obtain a private loan to purchase a home in December with a higher interest rate of 4.25% instead of a 2.5-2.8% rate due to the improper and inaccurate derogatory reporting by Amerihome.

65. Furthermore, Samah was unable to refinance her condominium, creating more expense than necessary.

66. Defendants' conduct has caused Plaintiffs emotional distress as well.

67. The repeated and continuous violations described herein have caused Plaintiffs unnecessary stress and anxiety.

68. Despite this knowledge, the derogatory remarks improperly furnished by Amerihome continue to be reported to Plaintiffs' credit reports causing Plaintiffs to suffer.

69. As a direct and proximate result of Defendants' willful action and inaction, Plaintiffs has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and frustration, loss of sleep, humiliation and embarrassment of credit denials.

70. Plaintiffs has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

71. Since these efforts were unsuccessful, Plaintiffs was required to bring this action to finally resolve Plaintiffs' remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFFS

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1681X (FCRA)

### [AGAINST ALL DEFENDANTS]

72. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

74. As a result of each and every negligent violation of the FCRA, Plaintiffs is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

75. As a result of each and every willful violation of the FCRA, Plaintiffs is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that judgment be entered against each Defendant for:

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against each Defendant for each incident of negligent noncompliance of the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against each Defendant for each incident of negligent noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against each Defendant for each incident of willful noncompliance to the

FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against each Defendant for each incident of noncompliance of the FCRA;

- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

76. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs is entitled to, and demands, a trial by jury.

Dated: May 12, 2021

Respectfully submitted,

   **/s/ Jonathan Benjamin**   
JONATHAN BENJAMIN
Florida Bar No. 91315
**BENJAMIN LAW PRACTICE, PLLC**
4581 Weston Road, Suite 155
Weston, FL 33331
Telephone: (954) 716-8362
Facsimile: (954) 477-8020
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

***I HEREBY CERTIFY*** that on May 12, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System and that the forgoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

   **/s/ Jonathan Benjamin**   
JONATHAN BENJAMIN
Florida Bar No. 91315
**BENJAMIN LAW PRACTICE, PLLC**
4581 Weston Road, Suite 155
Weston, FL 33331
Telephone: (954) 716-8362
Facsimile: (954) 477-8020
Attorney for Plaintiffs