UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMAH ABUKHODEIR and
SUMMER ABUKHODEIR,

      Plaintiffs,

v.                                       Case No. 8:21-cv-563-WFJ-JSS

AMERIHOME MORTGAGE COMPANY, LLC;
EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANSUNION LLC,

      Defendants.
_____/

## ORDER DENYING DEFENDANT AMERIHOME MORTGAGE COMPANY, LLC'S MOTION TO DISMISS

Plaintiffs Samah Abukhodeir and Summer Abukhodeir brought this action alleging that Defendant AmeriHome Mortgage Company, LLC violated its duties as a furnisher of information under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s–2(b). Now before the Court is AmeriHome's Motion to Dismiss (Dkt. 38) Plaintiffs' Amended Complaint (Dkt. 34) under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have responded to the motion. (Dkt. 44). For the reasons below, the motion is denied.[1]

---

[1] Plaintiffs also assert FCRA claims against credit bureaus Equifax Information Services LLC; Experian Information Solutions, Inc.; and TransUnion LLC. All three defendants have answered

# I. BACKGROUND

AmeriHome is the servicer of Plaintiffs' home mortgage loan. Plaintiffs failed to make timely mortgage payments in May and June 2020. The alleged FCRA violations stem from AmeriHome reporting those late payments to the credit bureau defendants.

In 2018, Plaintiffs financed the purchase of a home through a mortgage loan with AmeriHome. Dkt. 34 ¶ 19. Plaintiffs immediately enrolled in AmeriHome's automated payment program and began making automated payments. *Id.* ¶ 21. Plaintiffs made their monthly payments this way from the loan's inception and successfully made payments each month for several years. *Id.* ¶ 22.

On June 12, 2020, Plaintiffs received word from the credit bureaus that their credit scores had dropped significantly because they were delinquent on their mortgage payments. *Id.* ¶ 24. Plaintiffs called AmeriHome to address the issue and learned that for an unknown reason their automatic payments had not been processed. *Id.* ¶ 26. AmeriHome assured Plaintiffs that it would delete any late fees Plaintiffs incurred and help them resolve the issue. *Id.* ¶ 27. A week later, however, Plaintiffs learned that AmeriHome was still reporting the late payments to the credit bureaus. *Id.* ¶ 28–29.

---

the Amended Complaint, Dkts. 37, 39, 41. The claims against these defendants are not subject to the present motion to dismiss.

Plaintiffs filed written disputes with AmeriHome and the credit bureau defendants to challenge what they believed was inaccurate reporting. Dkt. 34 ¶ 29. In their disputes, Plaintiffs explained the late payments had resulted from AmeriHome's unilateral failure to process Plaintiffs' automated payments. *Id.* ¶¶ 30–34. Plaintiffs also provided AmeriHome and the credit bureaus with documentation supporting their position. *Id.* ¶ 31. The credit bureaus notified AmeriHome of Plaintiffs' disputes, but the late payments remained on Plaintiffs' credit reports. *Id.* ¶¶ 37, 40. As a result of the continued inaccurate and misleading reporting, Plaintiffs claim they have suffered damages in the form of lower credit scores, an inability to refinance existing loans or increase existing lines of credit, higher interest rates when obtaining new loans, and emotional distress. *Id.* ¶¶ 36, 61–65, 69.

Plaintiffs contend that AmeriHome's actions violated the FCRA. Plaintiffs assert that AmeriHome is liable under § 1681n and § 1681*o* for willfully or negligently violating its duties as a furnisher under § 1681s–2(b) in that it (1) failed to reasonably investigate the disputed payment information; (2) failed to review all information relevant to the dispute; and (3) failed to correct the late payment characterization, thereby continuing to furnish inaccurate and materially misleading information to the credit reporting agencies. Dkt. 34 ¶¶ 47–50, 74–75.

AmeriHome moves to dismiss Plaintiffs' claims under Rule 12(b)(6).

## II. MOTION TO DISMISS STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When considering a Rule 12(b)(6) motion, the Court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). The Court also will limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## III. DISCUSSION

AmeriHome raises two arguments for dismissing the Amended Complaint. First, AmeriHome's main argument is that it accurately reported Plaintiffs' account activity at all times, including any delinquencies. As a result, Plaintiffs cannot allege an inaccuracy in AmeriHome's reporting as required to make a claim under the FCRA. Second, even if Plaintiffs could allege a reporting inaccuracy,

4

AmeriHome contends that Plaintiffs have pled no facts establishing that its investigation of the disputed information was unreasonable. The Court will address these points in turn after first giving an overview of the standards for furnisher liability under the FCRA.

### A. Furnisher Duties and Liability under § 1681s–2(b)

The FCRA seeks to ensure a system of "fair and accurate credit reporting." 15 U.S.C. § 1681(a)(1). To achieve this goal, the FCRA imposes duties on the credit reporting agencies (CRA) generating consumer credit reports and those entities that furnish credit information to the CRAs. *See* §§ 1681i, 1681s–2. The FCRA imposes two affirmative duties on furnishers of information. Furnishers must (1) provide CRAs with accurate information in the first instance, *see* § 1681s–2a, and (2) conduct an investigation if a consumer disputes information the furnisher has reported to a CRA is inaccurate or incomplete, *see* §1681s–2(b).

When a consumer disputes the completeness or accuracy of a credit report with a CRA, the CRA must notify the furnisher of the disputed information. § 1681i(2). Once the furnisher receives notice of the dispute, § 1681s–2(b) requires the furnisher to investigate the disputed information; review all the relevant information provided by the CRA; and report the results of the investigation to the CRA. § 1681s–2(b)(1)(A)–(C). If during the investigation the furnisher finds that the information it previously provided was inaccurate or incomplete, the furnisher

5

must report those results to all CRAs to which it furnished the information initially. § 1681s–2(b)(1)(D). The furnisher must also modify, delete, or permanently block the inaccurate or incomplete information from its reporting. § 1681s–2(b)(1)(E).

Section § 1681s–2(b) provides consumers with a private right of action against a furnisher who breaches its obligations to conduct a reasonable investigation and to correct inaccurate or incomplete information following an investigation. *See Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 149 (4th Cir. 2008); *Bauer v. Target Corp.*, No. 12-cv-00978-AEP, 2013 WL 12155951, at *6 (M.D. Fla. June 19, 2013).

To state a claim against a furnisher, the consumer must allege four things. First the consumer must make some "supportable allegation that the reported information is inaccurate or incomplete." *Leones v. Rushmore Loan Mgmt. Servs. LLC*, 749 F. App'x 897, 901 (11th Cir. 2018). Second, the consumer must allege that he notified the CRA that he is disputing the completeness or accuracy of the information in his credit report. Third, the consumer must allege that the CRA in turn notified the furnisher of the dispute. Finally, the consumer must allege that the furnisher breached one of its duties under § 1681s–2(b)(1)(A)–(E). *See Mosley v. Monterey Fin. Servs., LLC*, No. 16-cv-3614-MHC-AJB, 2017 WL 8186861, at *3 (N.D. Ga. May 10, 2017) (setting forth the four elements).

The first three factors are essentially prerequisites that trigger a furnisher's duties to investigate and correct its reporting. *See Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018); *Arianas v. LVNV Funding, LLC*, 54 F. Supp. 3d 1308, 1311 (M.D. Fla. 2014).

### B. The Motion to Dismiss

#### *1. Plaintiffs have plausibly alleged AmeriHome's reporting was inaccurate or materially misleading.*

AmeriHome's chief argument is that it is not liable under § 1681s–2(b) because its reporting of Plaintiffs' account was accurate. According to AmeriHome, Plaintiffs' claims should be dismissed because they have not alleged or offered any proof that they made their May and June 2020 payments on time. Further, Plaintiffs' belief that they were enrolled in the autopay program did not relieve them of the obligation to make monthly payments. This is particularly true because AmeriHome contends that Plaintiffs were mailed two letters a month before their first late payment stating that their enrollment in the autopay program had been rejected. AmeriHome has attached copies of these letters to its motion. Dkt. 38-1. At bottom, AmeriHome's position is that Plaintiffs failed to pay on time; they were at fault for the late payments; and AmeriHome correctly reported this fact to the CRAs.

Plaintiffs admit that they did not make their mortgage payments on time but argue it was not their fault. Dkt. 44 at 1. They insist that AmeriHome's continued

7

reporting of the late payments is thus misleading because it improperly places the blame for the late payments on Plaintiffs instead of AmeriHome, the one at fault for the delinquency. Plaintiffs also contend that AmeriHome's attempts to prove who was responsible for the late payments are premature at this stage and should be disregarded. The Court agrees with Plaintiffs on both accounts.

Section 1681s–2 does not define what constitutes accurate reporting. Courts applying this provision in actions against furnishers have often looked to suits brought against CRAs under § 1681e(b) to define accuracy. *See, e.g.*, *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37–38 (1st Cir. 2010); *Saunders*, 526 F.3d at 148. Section 1681e(b) requires CRAs to strive for "maximum possible accuracy" in their reporting, which courts have interpreted to mean the reported information "must be factually true and also unlikely to lead to a misunderstanding." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020); *see also Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998); *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 942 (6th Cir. 2020); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009). By the same token, reported information is inaccurate if it is "factually incorrect, objectively likely to mislead its intended user, or both." *Erickson*, 981 F.3d at 1252.

Likewise, courts, including those within the Eleventh Circuit, have determined that information may be inaccurate or incomplete under § 1681s–2(b) if it is "patently incorrect" or is "technically accurate" but "presented in such a way that it creates a misleading impression." *Saunders*, 526 F.3d at 148; *Sepulvado*, 158 F.3d 890 at 895; *Gorman*, 584 F.3d at 1163; *accord Bush v. Roundpoint Mortg. Servicing Corp.*, 122 F. Supp. 3d 1347, 1351 (M.D. Fla. 2015); *Bauer*, 2012 WL 4054296, at *3; Mosley, 2017 WL 8186861, at *3.[2] To be actionable, the information must be misleading in a material sense, meaning it must "mislead[ ] in such a way and to such an extent that it can be expected to [have an] adverse[ ] effect" on the consumer. *Saunders*, 526 F.3d at 148. And whether reported information is materially misleading is typically a factual issue for a jury to resolve. *Bush*, 122 F. Supp. 3d at 1351 n.3.

Applying these standards, the Court finds that Plaintiffs have adequately pled that AmeriHome's reporting was misleading. Plaintiffs have alleged that they enrolled in AmeriHome's autopay program; they had sufficient funds to make their mortgage payments; they gave AmeriHome the authority to withdraw the funds from their account; and AmeriHome inexplicably failed to process their automated

---

[2] The Eleventh Circuit has recognized that materially misleading reporting is potentially actionable under §1681s–2(b) but has not expressly adopted this standard. *See Felts*, 893 F.3d at 1315 (discussing without expressly adopting § 1681e(b)'s "maximum possible accuracy" standard for § 1681–2(b) claims and recognizing that materially misleading credit reporting may be actionable in claims against a furnisher).

9

payments. Plaintiffs also allege that AmeriHome promised to delete any late fees they had incurred and promised to help them correct any related issues. Accepting these allegations as true, which the Court must at this stage, AmeriHome was responsible for Plaintiffs' late payments and even acknowledged its responsibility to some extent. So it is thus plausible that AmeriHome's continued reporting of the late payments could have given potential lenders a false impression that Plaintiffs were responsible for the delinquencies and a credit risk, an impression Plaintiffs say manifested itself as evidenced by their claimed damages. For these reasons, the Court finds that Plaintiffs have alleged a potential inaccuracy in AmeriHome's reporting.

AmeriHome's attempt to refute that it was at fault for Plaintiffs' late payments is also unavailing and premature.

As an initial point, the Court will not consider the copies of the notice letters AmeriHome has attached to its motion. When reviewing a motion to dismiss, courts generally may not consider materials outside the complaint without converting the motion into one for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). Yet a court may consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the attached documents are central to the plaintiff's claims and undisputed. *Id.* (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir. 2002)).

AmeriHome has not met the criteria for the Court to consider its exhibits. True, the letters are relevant to a key issue raised by the complaint: whether Plaintiffs knew they were not enrolled in the autopay program before the late payments came due. The letters are notices that were supposedly sent to Plaintiffs in April 2020, a month before the first late payment, informing Plaintiffs that their attempted enrollment into the autopay program had been rejected. But Plaintiffs deny ever receiving the letters, *see* Dkt. 44 at 1 n.1, and AmeriHome offers no proof that Plaintiffs did receive them. The letters are therefore disputed, and the court will not consider them.

Even if the Court were to consider the letters, they do not prove that AmeriHome was not at fault for Plaintiffs' late payments. Plaintiffs allege they had made automated payments for almost two years before their payments were rejected. The letters state that a recent attempt to enroll in the autopay program had been rejected. *See* Dkt. 38-1. So accepting that Plaintiffs had been making automated payments for the past two years, which the Court must, it is plausible that Plaintiffs had another account registered with the autopay program, one they used before and that was still active. Needless to say, the question of who was at

fault for the late payments is one better suited for summary judgment. AmeriHome may present these letters at that time, not now.[3]

### 2. Plaintiffs have plausibly alleged that AmeriHome's investigation was unreasonable.

AmeriHome also argues that Plaintiffs have failed to state a claim because there are no facts in the Amended Complaint about what exactly AmeriHome did or did not do after it received notice of Plaintiffs' dispute. It argues that without these facts, Plaintiffs have failed to plead an essential element of their FCRA claim—that AmeriHome failed to undertake a reasonable investigation. This is another argument better suited for summary judgment.

At this stage, it is enough for Plaintiffs to allege that the furnisher failed to conduct a reasonable investigation by pointing to the errors in the post-investigation reporting. *See, e.g.*, *Rayburn v. Equifax Info. Servs., LLC*, No. 18-cv-3127-TCB-CMS, 2019 WL 1225212, at *4–5 (N.D. Ga. Jan. 9, 2019); *see Calhoun v. Certegy Check Servs., Inc.*, No. 14-cv-1020-T-27MAP, 2014 WL 4146886, at *3 (M.D. Fla. Aug. 20, 2014) (finding allegation that furnisher's investigation was

---

[3] AmeriHome also suggests in passing that Plaintiffs have raised what amounts to a legal challenge to its reporting. True, consumers generally cannot use an FCRA claim as a vehicle to challenge the legal validity of a debt. *See, e.g.*, *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019) (holding that whether plaintiff needed to make mortgage payments after filing foreclosure was an unresolved legal question, not a factual one, and thus was not a basis for an FCRA claim). But Plaintiffs have not presented a legal defense to the late reporting. They simply claim that AmeriHome's actions caused the late payments—something that will be resolved through factfinding.

unreasonable because it failed to uncover and resolve the alleged inaccuracy was sufficient to state a claim). The details of AmeriHome's investigative procedures are solely within its knowledge and will not be revealed until Plaintiffs begin discovery. *See Rayburn*, 2019 WL 1225212, at *4–5. Plaintiffs have alleged that AmeriHome continued reporting the late payment information even after reviewing its records and conducting an investigation. This is sufficient for the Court to infer that AmeriHome's investigative procedures were unreasonable.

### IV. CONCLUSION

For the reasons stated, Defendant AmeriHome's Motion to Dismiss (Dkt. 38) is **DENIED.** Defendant shall file its answer and defenses to the Amended Complaint within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on August 10, 2021.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record