UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMAH T. ABUKHODEIR
and SUMMER T. ABUKHODEIR,

    Plaintiffs,

v.                                                  Case No: 8:21-cv-563-WFJ-JSS

AMERIHOME MORTGAGE CO, LLC;
EQUIFAX INFORMATION
SERVICES, LLC; TRANS UNION, LLC;
and EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.
_____/

## ORDER

Before the Court is AmeriHome Mortgage Co. LLC's Motion to Strike the Jury Demand made by Plaintiffs Samah T. Abukhodeir and Summer T. Abukhodeir. Dkt. 78. Plaintiffs did not file a response, thereby deeming AmeriHome's motion unopposed under the local rules. *See* Local Rule 3.01(c). For the reasons explained below—and considering Plaintiffs' failure to respond—the Court grants AmeriHome's motion and strikes Plaintiffs' demand for a jury trial.

Parties can contractually waive their Seventh Amendment rights to a jury trial if their waivers are knowing, voluntary, and intelligent. *See Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006). In making

this assessment, courts consider: (1) the conspicuousness of the waiver provision, (2) the parties' relative bargaining power, (3) the sophistication of the party challenging the waiver, and (4) whether the terms of the contract were negotiable. *Id.* at 823–24. No single factor is conclusive. *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1294 (M.D. Fla. 2012).

Here, independent review of the record shows Plaintiffs voluntarily and knowingly waived their rights to a jury trial. Plaintiffs' mortgage agreement with Defendant AmeriHome contains the following provision:

> **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

Dkt. 78-1 at 9 (emphasis in original). On the same page as this provision, Plaintiffs affixed their signatures and their initials confirming that they "accept[ed] and agree[ed] to the terms and covenants contained in this Security Instrument[.]" *Id.*

First, the Court holds that the jury waiver is conspicuous. The provision contains the phrase "Jury Trial Waiver" in bold letters, it is set off in its own paragraph directly above the signature line, and it appears as the same font size as the rest of the mortgage agreement. *See Magwood v, RaceTrac Petroleum, Inc.*, Case No. 1:20-CV-01439-ELR-JCF, 2021 WL 4820706, at *2 (N.D. Ga. May 10, 2021) (holding that jury trial waiver was conspicuous because the provision was

2

labeled by a bold heading, set off in its own separate paragraph, and written in the same sized text as the rest of the agreement's language).

Second, the Court holds that the waiver provision is unambiguous, clear, and easy to read. It plainly waives Plaintiffs' rights to a jury trial in any litigation against Defendant AmeriHome arising out of or relating to the mortgage. This use of plain language negates the need for a high level of sophistication to understand the implications of the waiver. *See Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010) (holding that jury waiver with substantially similar language clearly indicated the signing party waived his right to a jury trial).

Third, Plaintiffs have failed to demonstrate their inability to negotiate the terms of the mortgage agreement. Plaintiffs are not plainly unsophisticated or vulnerable parties. Indeed, Plaintiff Samah Abukhodeir is a licensed attorney who presumably understands the effects of a jury waiver and the binding nature of a contract. Nothing in the record indicates Plaintiffs had to sign the mortgage agreement as it was originally written. *See id.* at 1295.

Finally, Plaintiffs have not demonstrated a "gross disparity in bargaining position" between the parties. *Oglesbee v. IndyMac Fin. Servs., Inc.*, 675 F. Supp. 2d 1155, 1158–59 (S.D. Fla. 2009). "A gross disparity in bargaining power only exists when a party is forced to accept the terms of an agreement as written; the

3

party is unable to simply walk away if the terms are unacceptable." *Id*. at 1159. Here, nothing in the record indicates that the balance of bargaining power tipped heavily against Plaintiffs. If Plaintiffs found the terms in AmeriHome's mortgage agreement to be unacceptable, they could have simply walked away from the deal and sought a mortgage through a different company.

For these reasons, the Court **GRANTS** Defendant AmeriHome's Motion to Strike Jury Demand (Dkt. 78). The hearing scheduled for February 9, 2022, is cancelled.

**DONE AND ORDERED** at Tampa, Florida, on February 8, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record